UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ANTHONY M. GRIFFIN, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | 1:15-cv-00519-GZS |
| MAINE DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Anthony Griffin, an inmate in the custody of the Maine Department of Corrections, alleges that Defendants have "housed him" in the Maine State Prison "for reasons that are untrue." (Complaint ¶ IV.) On December 29, 2015, the Court granted Plaintiff's request to proceed in forma pauperis. (ECF No. 6.)

**Standard of Review**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915A(a), (c). The

§ 1915A screening requires a court to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14 (2007)). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## Factual Background

According to Plaintiff's complaint, he is assigned to the Maine State Prison rather than another facility based on the untrue assertion that he assaulted an officer on January 29, 2015.

Although Plaintiff asserts that he has "spent the majority of [his] time in Maine State Prison suffering from physical abuse, emotional abuse," he has not alleged the nature or cause of the abuse. (Complaint ¶ IV.)  Plaintiff seeks "compensation for the deprivation of freedom and neglect." (*Id.* ¶ 22.)

## Discussion

"[W]hile persons imprisoned for crime enjoy many protections of the Constitution, it is also clear that imprisonment carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984).  "[A] prisoner has no constitutional right to be incarcerated in a particular prison or to be held in a specific security classification." *Williams v. Lindamood*, 526 Fed. App'x 559, 563 (6th Cir. 2013) (quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005)); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007).  Unless his classification has resulted in an "atypical and significant hardship … in relation to the ordinary incidents of prison life," Plaintiff does not have an actionable claim based on any alleged procedural irregularities or misapplication of state law classification standards. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In other words, to the extent Plaintiff attempts to assert a claim about the prison conditions, or a claim about the process that resulted in his placement in the Maine State Prison, the law does not recognize a constitutional liberty interest unless the conditions imposed present an atypical and significant hardship in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 484.  Plaintiff has not alleged any facts that would support a finding of the existence of an atypical and significant hardship.  Plaintiff has simply alleged "abuse" in conclusory fashion.  Conclusory allegations are not sufficient to state a claim because they do not "remove the possibility of relief from the realm of mere conjecture." *Lorenzana v. S. Am.*

*Restaurants Corp.*, 799 F.3d 31, 34 (1st Cir. 2015) (quoting *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

Similarly, to the extent Plaintiff contends that Defendants violated the Eighth Amendment, Plaintiff must allege facts that could reasonably support a finding that he was subject to "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment requires prison officials to provide humane conditions of confinement; ensure that prisoners receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee prisoner safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). The Eighth Amendment standard is not fixed "but may acquire meaning as public opinion becomes enlightened by a humane justice." *Hall v. Florida*, 134 S. Ct. 1986, 1992 (2014) (quoting *Weems v. United States,* 217 U.S. 349, 378 (1910)). Minimally, for an individual officer to be liable for an Eighth Amendment violation, the alleged conduct must reflect deliberate indifference toward prison conditions that pose a substantial risk of serious harm to an inmate. *Burrell v. Hampshire Cnty.,* 307 F.3d 1, 7 (1st Cir. 2002). Simply stated, Plaintiff's conclusory allegation of "abuse" is not sufficient to describe conduct prohibited by the Eighth Amendment.

## Conclusion

Based on the foregoing analysis, following a review pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, I recommend that the Court dismiss Plaintiff's complaint.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served

with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of January, 2016.